# The Intercept_

May 14, 2025

**VIA ECF**

The Hon. Sarah Netburn
Chief U.S. Magistrate Judge
Southern District of New York
United States Courthouse
40 Foley Square
New York, NY 10007

Re:   <u>*In Re Application of The New York Times Company in the Matter of Columbia University Apartheid Divest*, No. 1:25-mc-00218</u>

Dear Judge Netburn:

      This office represents The Intercept, a non-profit online news organization. I write to respectfully urge the Court to order the unsealing of search warrant materials and hearing transcripts related to the U.S. Justice Department's investigation into a student organization known as Columbia University Apartheid Divest ("CUAD").

      For the reasons set forth by the New York Times in its memorandum of law, Dkt. No. 2, the common-law right of access and the First Amendment right of access require that these materials be made available to the press and public, particularly given the Justice Department's public description of its investigation and search warrant application.[1]

      I write to emphasize the significant interests of the press and the public in accessing these materials, and to urge this Court to immediately unseal them. Recently, The Intercept has covered related proceedings featuring allegations of improper search warrant applications filed by the government in this district regarding Columbia University,[2] and The Intercept urged the court in that matter to unseal the search warrant materials, too. *See also Chung v. Trump et al.*, No. 25-cv-2412 (NRB), Dkt. No. 46 (S.D.N.Y. May 5, 2025) (order of Judge Buchwald directing the government to "promptly" file an unsealing application for the materials); *id.* at Dkt. No. 49 (order of Judge Lehrburger unsealing the search warrant materials).

---

[1] *See* Devlin Barrett, *Orders to Investigate Columbia Protesters Raised Alarms in Justice Dept.*, N.Y. Times (May 1, 2025), https://www.nytimes.com/2025/05/01/us/politics/columbia-protests-justice-department.html (discussing Justice Department's statement about the contents of its search warrant application).

[2] *See, e.g.*, Shawn Musgrave, *ICE Got Warrants Under "False Pretenses," Claims Columbia Student Targeted Over Gaza Protests*, The Intercept (Mar. 28, 2025), https://theintercept.com/2025/03/28/ice-warrants-columbia-students-gaza-protests; Shawn Musgrave, *How ICE Duped a Federal Judge Into Signing a Search Warrant*, The Intercept (May 14, 2025), https://theintercept.com/2025/05/14/yunseo-chung-ice-search-warrant-columbia-immigrants/.

15 West 38th Street, #636, New York, NY 10018

Search warrants are "unquestionably judicial documents" to which the common law right of access attaches, as are supporting materials upon which the Court relied in reviewing the government's request for a search warrant, such as the search warrant application and affidavits. *United States v. Cohen*, 366 F. Supp. 3d 612, 620 (S.D.N.Y. 2019) (collecting cases). Accordingly, "search warrants and search warrant materials are entitled to a strong presumption of public access," *id.* at 621, which should be unsealed absent compelling countervailing factors. *See United States v. Mullins*, No. 22-cr-120 (JGK), 2023 U.S. Dist. LEXIS 74008, at *4 (S.D.N.Y. Apr. 26, 2023) (collecting cases). Here, where the Court apparently rejected the government's search warrant application as not only deficient but also improper, not once but twice, it is difficult to conceive of sufficient countervailing factors to outweigh the public's interest in overseeing the government's exercise of its authority. Unsealing these materials will also vindicate the public's right to "properly monitor the work of the courts." *Lugosch v. Pyramid Co.*, 435 F.3d 110, 127 (2d Cir. 2006).

The Intercept thus respectfully joins the New York Times in asking that the Court make public the CUAD search warrant materials and transcripts, or, alternatively, that the Court require the Government to demonstrate why the records should remain sealed.

Thank you for your consideration of this matter.

Very truly yours,

/d/ David Bralow

David Bralow
General Counsel
**The Intercept Media, Inc.**

15 W. 38th Street, #636
New York, NY 10018
david.bralow@firstlook.org
(646) 784-3287


cc: Counsel of Record (via ECF)