**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

June 3, 2025

**By ECF and Email**
The Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *In re Application of the New York Times Company in the Matter of Columbia University Apartheid Divest*, 25 Misc. 218 (JMF)

Dear Judge Furman:

      The Government respectfully submits this letter and attached exhibits in response to the Court's May 30, 2025 Order granting the unopposed motion by the New York Times Company ("The Times") to unseal certain judicial records and directing the Government to file, with any proposed redactions, all records at issue. (Dkt. 11; *see* Dkts. 2, 10.) The Government is filing the following documents as Exhibits A through I:

| Exhibit A | March 15, 2025 Search Warrant Application |
|---|---|
| Exhibit B | March 16, 2025 Revised Search Warrant Application |
| Exhibit C | March 20, 2025 Letter to Hon. John G. Koeltl |
| Exhibit D | March 24, 2025 Email to Hon. John G. Koeltl with Attachments |
| Exhibit E | Transcript of March 24, 2025 Telephone Conference with Hon. John G. Koeltl |
| Exhibit F | Transcript of March 25, 2025 Telephone Conference with Hon. John G. Koeltl |
| Exhibit G | Transcript of March 28, 2025 Telephone Conference with Hon. Sarah Netburn |
| Exhibit H | April 11, 2025 Letter to Hon. John G. Koeltl |
| Exhibit I | Transcript of April 14, 2025 Telephone Conference with Hon. John G. Koeltl |

To the extent that the Government identifies any additional materials that are part of the judicial record in this matter, it will promptly supplement the record.

      Consistent with the Court's Individual Rules and Practices, the Government respectfully requests permission to file versions of Exhibits A through I that include redactions. Specifically, the Government seeks, with the consent of The Times, to redact the name and background information of the special agent who served as the affiant on the warrant affidavits. The Government also seeks to redact contact information, including phone numbers and email addresses, for Government lawyers and court personnel, to the extent that information is not

Page 2

already covered by Rule 10(A)'s categories of information that may be redacted without Court approval.[1]

*First*, as to the agent's name and background, the Government respectfully submits that the presumption of public access is outweighed by the Government's interest in protecting the identities of agents engaged in ongoing investigations and working in law enforcement sensitive areas. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006); *United States v. Amodeo*, 71 F.3d 1044, 1050 (2d Cir. 1995); *see also generally In re Search Warrant*, No. 16 Misc. 464 (PKC), 2016 U.S. Dist. LEXIS 178313, at *13 (S.D.N.Y. Dec. 19, 2016) (accepting Government's proffered redaction of name of the agent from the introductory paragraph of the affidavit that describes the agent's experience and finding that the "government has a strong interest in not compromising the activities of agents working in . . . sensitive areas"). As noted, The Times does not object to this request. Should the Court require any additional support for the proposed redactions, the Government will prepare a supplemental *ex parte* application.

*Second*, as to the proposed redactions regarding phone numbers and email addresses, the Government respectfully submits that the presumption of public access is outweighed by these individuals' privacy concerns. While the phone numbers and email addresses are those of courthouse and Department of Justice personnel, and likely could in some instances be identified by the public through other means (including searches of ECF), we respectfully submit that redaction is warranted here because such contact information implicates privacy concerns, the contact information has no relevance to the adjudication of the warrants, and press posting of these particular documents in publicly available forums and websites is probable given the nature of the motion. *See generally United States v. De La Rosa*, No. 20 Cr. 537 (JPC), 2021 WL 411405, at *5 (S.D.N.Y. Jan. 29, 2021) (redacting part of record that "d[id] not relate to the Court's adjudication of [the defendant's] guilty plea" and therefore was "afforded a lower presumption of public access").

---

[1] Consistent with the Court's Individual Rules and Practices and the Court's May 30, 2025 Order (Dkt. 11), the Government will email the Court copies of Exhibits A through I with the proposed redactions highlighted for the Court's *ex parte* review.

Page 3

      For the reasons stated above, the Government respectfully requests that the Court permit the Government to file Exhibits A through I with limited, tailored redactions.

                                                  Respectfully submitted,

                                                  JAY CLAYTON
                                                  United States Attorney

                                By:    /s/_____
                                                Amanda L. Houle
                                                Criminal Division Chief
                                                (212) 637-2473

cc:    David E. McCraw, Esq.
       Timothy Tai, Esq.
       Counsel for The New York Times Company
       (Via ECF)