# Exhibit F

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

In the matter of the application

for Instagram Account

CUAPARTHEIDDIVEST
                                              Telephone Conference
------------------------------x

                                              New York, N.Y.
                                              January 25, 2025
                                              2:00 p.m.

Before:

                    HON. JOHN G. KOELTL,

                                              District Judge

                           APPEARANCES

MATTHEW D. PODOLSKY
     Acting United States Attorney for the
     Southern District of New York
LAUREN PHILLIPS
     ALEC WARD
     PAIGE FITZGERALD
     Assistant United States Attorneys

Also Present:

████████████████
```

1                (Case called)
2                THE COURT:  Can I get the appearances on behalf of the
3       government, please?
4                MR. WARD:  Good afternoon, your Honor.  Alec Ward, for
5       the government.  Joining me on the line are Principal Deputy
6       Chief for the Civil Rights Division Criminal Section, Paige
7       Fitzgerald, and Assistant U.S. Attorney Lauren Phillips from
8       the Southern District of New York.
9                THE COURT:  Okay.
10               ▮▮▮▮▮▮▮  Good afternoon, your Honor.  This is ▮▮▮▮
11      ▮▮▮▮, with the FBI.
12               THE COURT:  Ah.  Thank you.
13               Is the reporter on the line?
14               (Pause)
15               THE COURT:  Okay.  Thank you.
16               At the outset, we had a conference yesterday.  I
17      failed to note that the transcript of the conference should be
18      sealed because it relates to a warrant application.
19               Similarly, the transcript of today's proceeding should
20      also be sealed because it relates to a warrant.
21               So I have reviewed the materials that were submitted
22      to me yesterday or, rather, on last Thursday evening, and which
23      were the subject of yesterday's conference.  And I have
24      received the materials today.
25               The cover email indicates that there were some changes

1  in the materials.
2       So, could the government explain to me what the
3  changes in the materials are?
4       MR. WARD: Yes, your Honor. Alec Ward.
5       Pursuant to the questions posed by the Court
6  yesterday, the change to the substance of the warrant portion
7  of our submission is confined to adding a paragraph to the
8  warrant and nondisclosure order, specifying that at the time
9  records are provided to the government by Meta, the warrant
10 recipient, those records should be returned to the criminal
11 duty magistrate on duty at the time of receipt.
12      Except for that, the submission you have before you —
13 and of course changing the Court's signatories, signature
14 block — is identical to that attached as Exhibit 2 to our
15 letter of March 20th.
16      We have made some discoveries in response to the
17 Court's inquiries yesterday about the posture of this matter
18 that change the nature of what we need to request at this
19 point, and I'm happy to address that as well.
20      We're also prepared to address the address of the
21 requested nondisclosure order.
22      I can do that in whatever order the Court prefers.
23      THE COURT: Go ahead. So, what's the change in terms
24 of procedural posture?
25      MR. WARD: We, in our letter of March 20th, had been

1  under the belief that a formal oral order had been issued to
2  the representative from the Southern District of New York, who
3  was kind enough to deliver our original application to the
4  magistrate for us.
5         In attempting to locate a sworn record in response to
6  your Honor's inquiries of yesterday, we discovered that the
7  affiant was never placed under oath, and, accordingly, no
8  formal oral order was issued.  What appears to have happened is
9  that the application was forwarded to the duty magistrate for
10 review.  The duty magistrate came back to our hosts at the U.S.
11 Attorney's Office with some questions.  Those were addressed in
12 the supplemental application submission, and then the duty
13 magistrate, Magistrate Netburn phoned, again, the host AUSA,
14 who was at that point just acting as an intermediary, and said
15 that, based on her review of the warrant -- she advised, on an
16 informal basis, that she was not going to sign it.
17         No hearing was held where our affiant, ▓▓▓▓▓▓▓▓, was
18 placed under oath.  There is, therefore, no formal oral order
19 denying the warrant for this Court to review.  And,
20 accordingly, we think, I think, need to withdraw our request
21 for review under the Federal Magistrates Act, under Section
22 636, because there is no order in place for this Court to
23 review.
24         Procedurally, today, I think our thought would be, we
25 have everyone here, including our affiant, and we are prepared

1  to present the warrant again to this Court for a probable-cause
2  ruling of first impression.  On the other hand, we want to be
3  deferential and respectful to this Court's ordinary protocols,
4  and we understand that the normal practice in this court would
5  be to seek a formal order from a magistrate.
6           So, although we're prepared to proceed with
7  presentation of the warrant to your Honor today, we defer to
8  your Honor's sound discretion as to procedurally how this ought
9  to be handled.
10          That said, we think, based on our conversations with
11 the Southern District, we would follow their practice of
12 returning the warrant application to the magistrate who has
13 already reviewed it, which would be Judge Netburn.  I think we
14 know what her order would be, and we would likely end up back
15 in front of your Honor in fairly short order on the same
16 posture.  As a prudential matter of not wasting judicial
17 resources and time, we're more than prepared to proceed with
18 submission of the warrant today.
19          THE COURT:  All right.  Well, that's very forthcoming.
20          Plainly, it is an unusual situation, and we should
21 follow the normal procedure.  So, you tell me that there has
22 been no formal decision by the magistrate judge rejecting the
23 warrant.  I assume, also, that you've never presented to the
24 magistrate judge the memo that you had presented to me, the
25 20-page memo, or so, explaining why you concluded that, in

1  fact, there was probable cause, and that there was no justified
2  First Amendment objection to issuing the warrant.
3          Is that right?
4          MR. WARD:  That is correct, your Honor.  The March 15
5  and 16 locations that were attached respectively as Exhibits 2
6  and 1 to our letter of March 20th to your Honor have been
7  presented to the magistrate judge, but the cover letter
8  addressed to your Honor requesting review and the associated
9  legal arguments therein have not been presented to the
10 magistrate.
11         THE COURT:  It would seem to me that the better
12 practice would be to present all of those materials to the
13 magistrate judge, including your memo, so that the magistrate
14 judge would have the opportunity, in the first instance, to
15 make the decision.  And if the magistrate judge decides that
16 you failed to persuade her, then you could take the normal
17 appeal to the district court judge.
18         And, in fairness, I would think that this would go
19 again to Magistrate Judge Netburn, and even though I'm not
20 sitting in Part I anymore, again, in fairness, since I've gone
21 over these papers, any appeal would be taken to me as a
22 continuation of what I did or what I've been asked to do.  So,
23 I appreciate the fact that you've been forthcoming.
24         I have one other question for you, which was the issue
25 of the one year or the 90 days.

1              MR. WARD:  Yes, your Honor.

2              THE COURT:  I've reviewed the memos, the Department of

3    Justice memos, and the basis for the one year is 2705(b), which

4    doesn't specifically include a time limit.  So, the Department

5    of Justice says:  Okay, one year.  2705(b) refers to

6    2703(b)(1).  2705(a) does include a 90-day limit, and the

7    Department of Justice memo says, of course, an application

8    under 2705(b) has a limit of one year as a matter of prudence,

9    from the Department of Justice.

10             How do you distinguish 2705(a)?  What situations arise

11   under 2705(a) with the 90-day limit rather than 2705(b), which

12   doesn't include a time limit?

13             MR. WARD:  I had to research this myself last night,

14   your Honor, and if you'll indulge me in a little bit of

15   explanation, I've consulted with some of my colleagues who are

16   more knowledgeable, and I think I've wrapped my head around

17   this.

18             The Stored Communications Act, in 2703, provides for

19   three different forms of legal process whereby the government

20   can request or can demand information from a regulated

21   provider — subpoenas, ordinary Federal Rules of procedure

22   search warrant, and an intermediate form of process, which the

23   statute refers to as the court order; the Department calls them

24   2303(d) orders because that's the section that provides for

25   them, if there's an intermediate form of process whereby the

1  standard is lower than probable cause but a court order is
2  still required and it allows the Department to demand more
3  information than we could with a subpoena but less than with a
4  search warrant.
5        Neither of those forms of process are at issue here.
6  We have opted to pursue the search warrant avenue, but the
7  statute permits the government to demand what the statute calls
8  content records with either a subpoena or a 2703(d) order.  The
9  department does not, as a matter of prudence and internal
10 policy, do that, but if it did, the statute requires that the
11 government itself, as opposed to the provider, give notice to
12 the person whose information is being sought.  That notice,
13 which comes from the government, as opposed to the computing
14 service provider, may be delayed under 2705(a)(1)(A) for what
15 the statute calls a court order.  That's the 2703(d)
16 intermediate order and (a)(1)(b), where it's a subpoena.
17       2703(b) specifies that where the government opts to
18 pursue the judicial search warrant procedure, the government
19 need not provide any notice to the person whose information is
20 sought from the regulated provider.  However, 2703 on its face
21 does not prohibit the provider from giving its customer notice
22 that it is providing information in connection with a search
23 warrant.  2705(b) provides for what's called a preclusion order
24 whereby the government can seek a court order precluding the
25 provider from notifying its own customer of the warrant, and

1  that's what's sought here.  And that does not have the 90-day
2  limitation on the period of delay.
3           THE COURT:  Okay.  So, this is the direction to Meta
4  not to notify for one year.
5           Is there any provision under the warrant that requires
6  the government to notify the ultimate owner of the records
7  possessed by Meta?
8           MR. WARD:  No, your Honor.  And I would point the
9  Court to Section 2703(b)(1)(A), which states specifically that,
10 without required notice to the subscriber or customer, if the
11 governmental entity obtained the warrant issued using the
12 procedures described in the Federal Rules of Criminal
13 Procedure --
14          THE COURT:  Okay.  Hold on one second.
15          Okay.  Thank you.
16          Who is the Southern District assistant on the call?
17          MR. WARD:  AUSA Lauren Phillips.
18          THE COURT:  Okay.
19          So, Ms. Phillips, our regular procedure is that the
20 magistrate judge should be afforded, in the first instance, the
21 opportunity to either sign the warrant or decline to sign the
22 warrant.  And if the magistrate judge declines to sign the
23 warrant, then there would effectively be a de novo appeal to
24 me.
25          Is that right?

1           MR. WARD:  Alec Ward again, your Honor.
2           The appeal to your Honor is not de novo at that point.
3    It's the form of review provided for by Section 636, which your
4    Honor may be more familiar with in the context of Civil Rule 72
5    or Criminal Rule 59.  It's clear-error review on findings of
6    fact and contrary-to-law review on legal reasoning and
7    conclusions of law.
8           THE COURT:  Okay.
9           Ms. Phillips, is all of that correct?
10          Are you still there?
11          MS. PHILLIPS:  Your Honor, I'm not sure if I'm in a
12   position to weigh in on that.  Our role is pretty limited to
13   walking through the warrant.
14          THE COURT:  Okay.
15          Well, the government has been forthcoming.  I don't
16   want to go through an unnecessary procedure.
17          On the other hand, the government tells me that the
18   magistrate judge doesn't appear to have had a final opportunity
19   to say no on the warrant, and certainly hasn't reviewed the
20   memo that the government prepared with respect to the warrant.
21   Again, I don't want to have to go through an unnecessary step;
22   on the other hand, I don't want to preclude the magistrate
23   judge from having the opportunity to make the decision.
24          So --
25          MR. WARD:  Alec Ward, again, your Honor.  I apologize.

1          I just want to be very clear on the factual record
2    here.  There's no question that the magistrate declined to sign
3    the warrant.  It may be a very technical point, but what did
4    not happen was the magistrate judge receiving a sworn
5    declaration or testimony from an affiant on the record and
6    issuing a formal oral order basically declining the
7    government's, in effect, motion.  She indicated that if
8    presented with the contents of the warrant that she was
9    presented and did read, she would deny the government's
10   application.
11         So, we do know — it's, I understand, a technical
12   point — we do know the merits point on the face of the second
13   warrant, but we do not have a formal oral order after receiving
14   sworn evidence.
15         Our position is, the reason it matters is because if
16   your Honor is to consider the warrant, the posture does change
17   the standard of review.  If you hear the warrant in the absence
18   of a formal order from the magistrate, you're hearing
19   essentially it as a matter of first impression on the probable
20   cause standard; whereas, if you're reviewing a magistrate's
21   order, that's in the more deferential — I'll call it, a
22   quasi-Rule 59 — posture with regard to findings of fact.
23         We defer to you on which of those you feel is more
24   prudent because it does affect the standard of review.
25         THE COURT:  Again, I think you're being very

1  forthcoming.
2              It's important that proper procedures be followed, and
3  the proper procedure would be for the magistrate judge to make
4  the decision in the first instance.  And there's at least an
5  argument that the magistrate judge hasn't done that, even
6  though you believe that the magistrate judge's decision would
7  be to deny the warrant.  And you say it would change the
8  standard of review for me, and I certainly assumed that the
9  magistrate judge had, in fact, made the final decision in
10 rejecting the warrant.
11             You can make it perfectly clear to the magistrate
12 judge that it was unclear whether, faced with a full record, if
13 you will, the magistrate judge had decided to deny the warrant,
14 and, if so, then it would come to me.  That would appear to be
15 the most prudent way to proceed.  I don't want to cause any
16 unnecessary procedures.  On the other hand, I certainly don't
17 want to circumvent what would be the normal procedure.
18             You're also faced with an issue, which I leave to you:
19 There's an unsworn affidavit.  Normally, the affidavit gets
20 signed before or, under the rules, remotely before the judicial
21 officer from whom the relief is being sought.  So you would
22 normally take that to the magistrate judge for the agent to
23 swear the affidavit before the magistrate judge or remotely
24 before the magistrate judge, rather than bringing a signed
25 affidavit to the magistrate judge or the district court judge.

1          So, what you will end up doing, I assume, is
2  presenting the package to the magistrate judge and explaining,
3  because it wasn't clear, that the magistrate judge had in fact
4  determined to deny the warrant, you want to present the
5  package, including, I assume, the memo that you otherwise
6  presented to me for the first time, have the agent sign, either
7  personally or remotely, before the magistrate judge, the
8  affidavit, and have a determination from the magistrate judge,
9  whether the magistrate judge is denying the warrant or not.
10         Perhaps the magistrate judge would be convinced by the
11  memo that you prepared, that was never presented to the
12  magistrate judge.  So, I don't mean to imply any decision on my
13  part, because I agree implicitly with what you said earlier,
14  which is there should be a decision, clear decision, by the
15  magistrate judge, whether the magistrate judge is signing or
16  not signing the warrant.
17         And I hope that's clear because I don't want to
18  misrepresent it in any way to the magistrate judge.  I'm not
19  suggesting you would deliberately do that, but I'm simply
20  trying to follow what I understand the regular practice is,
21  which is to make sure that you have a decision from the
22  magistrate judge based on all of the relevant information — the
23  affidavit by the agent, the memo that you've prepared — to get
24  a decision from the magistrate judge, which, if necessary,
25  would then be reviewed by the district court judge, without

1  attempting to suggest what the district court judge would do.
2          MR. WARD: I think that's entirely sensible, your
3  Honor. And I appreciate the Court's care and thoughtfulness on
4  this issue and, again, regret the factual conclusion.
5          I think, out of candor, what I will be inclined to
6  represent to the magistrate is that, on review of the record,
7  such that it is, the government concluded, and your Honor
8  agreed, that the record wasn't sufficiently clear, as it stood,
9  for this Court to be confident exercising the power of review
10 under the review standard, and we'll present the application
11 again, we'll present the memorandum, and we'll ask for a clear
12 on-the-record ruling, with the understanding that if it's
13 adverse to the government, we'll return to your Honor for
14 review.
15         THE COURT: Okay.
16         You need not explain what you would do in the case of
17 whatever the magistrate judge does. I assume you would
18 carefully --
19         MR. WARD: Understood, your Honor.
20         THE COURT: -- carefully consider whatever the
21 magistrate judge does, and you would consider the next step.
22         And we've made a record of this conference, and you're
23 certainly welcome to show the transcript, if you will, to the
24 magistrate judge. The transcript here will be sealed, but you
25 can get it from the court reporter, and it's certainly open to

1  the lawyers for the government and certainly open to the
2  magistrate judge.
3            MR. WARD:  Thank you, your Honor.
4            THE COURT:  Okay.
5            I think that's it for me today.  Is that right?
6            MR. WARD:  I think so, your Honor.  I don't have
7  anything further for the government at this time.
8            THE COURT:  Okay.  Well, thank you.  Again, I
9  appreciate your candor.  Thank you.  Great.
10           MS. PHILLIPS:  Thank you, your Honor.
11           THE COURT:  Bye now.
12           MR. WARD:  Good afternoon, your Honor.
13           THE COURT:  Bye.
14           (Adjourned)
15
16
17
18
19
20
21
22
23
24
25